UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE BOARD OF MANAGERS OF THE 17
BATTERY PLACE CONDOMINIUM,
BATTERY COMMERCIAL ASSOCIATES
LLC, COLUMBUS PROPERTY
MANAGEMENT LLC,

                  Plaintiff,

                                                                            24-cv-9972 (PKC)

       -against-                                              ORDER

TWIN CITY FIRE INSURANCE COMPANY,

                  Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

           Based upon the response of the plaintiffs, there appears to have been both a misapprehension of the facts by the Court and an inadequate understanding of the law by the parties. Accordingly, the Court begins anew. The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

           The Notice of Removal asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF 1 ¶¶ 10,11.) "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir. 1996). "It is axiomatic

that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (quotation marks omitted).

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Where a complaint premised upon diversity of citizenship names a natural person as a party who is a citizen of the United States, it must set forth the state of which the natural person is a citizen as determined by domicile and not mere residence. See generally Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). In the case of a non-citizen lawful permanent resident alien who is a domiciliary of a state, there is no diversity jurisdiction if the adverse party is a citizen of the same state. 28 U.S.C. § 1332(a)(2). A Court does not have diversity jurisdiction over a suit by an alien against an alien regardless of a domicile in the United States. Tagger v. Strauss Grp. Ltd., 951 F.3d 124, 126 (2d Cir. 2020).

A corporation is a citizen of both the state under whose law it is incorporated and also the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

Neither a partnership nor a limited liability corporation is a corporation, and it is governed by a different governing principle. Where a complaint premised upon diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019). If another limited liability company is a member of the named

limited liability company, the inquiry does not stop there; rather the citizenship of each member of that additional limited liability must be alleged.

Similarly, a complaint premised on diversity of citizenship must allege the citizenship of all members of a limited liability partnership, including both general partners and limited partners. Carden v. Arkoma Associates, 494 U.S. 185 (1990); Handelsman v. Bedford Village Assocs. LP, 213 F.3d 48, 52 (2d Cir. 2000); Monitronics Funding LP v. Pinnacle Sec., LLC, 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012) ("A limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction.") (Koeltl, J.).

A condominium will be deemed a citizen of all states in which its individual unit owners are citizens, unless the condominium association has been incorporated. See Francesco v. Beacon Court Condominium, 07-cv-2766 (LMM), 2009 WL 174184, at *1-2 (S.D.N.Y. Jan. 6, 2009); RL 900 Park, LLC v. Ender, 18-cv-12121 (MKV), 2021 WL 738705, at *7 (S.D.N.Y. Feb. 25, 2021). If a limited partnership or a limited liability company is an owner, the rules governing partnerships and LLCs apply: the unit owner and hence the condominium itself will take on the citizenship of all natural persons or corporations who are members of any partnership or limited liability company.

Plaintiffs' response of March 6 is inadequate and hence the position of response to defendant dated March 10 is inadequate. Plaintiffs' response is inadequate because it stops the inquiry at identifying the domicile and headquarters of each LLC who owns a unit in 17 Battery Park Place Condominium. It must drill down each LLC to identify the citizenship of the natural persons who are members of the LLC and any corporation who is a member of the LLC.

Defendant has invoked this Court's diversity jurisdiction and the burden rests on it to demonstrate diversity jurisdiction. It is not the Court's obligation to educate members of the bar on the nuances of the law governing diversity jurisdiction. Owning a condominium in the state of New York is not alone sufficient to make the owner a citizen of a diverse state. It is plaintiffs duty to fully respond to discovery requests regarding this Court's subject matter jurisdiction.

There are three plaintiffs in this action: The Board of Managers of the 17 Battery Place Condominium, Battery Commercial Associates LLC, Columbus Property Management LLC. The Court will allow defendant 45 days to conduct discovery to ascertain all information which it needs to adequately and plausibly allege and demonstrate the citizenship of the three plaintiffs, drilling down through successive layers until reaching only natural persons and corporations.[1]

Defendant shall amend its Notice of Removal within 60 days in a manner sufficient to demonstrate there is complete diversity of citizenship between the parties. Failing to so amend or failing to demonstrate that there is complete diversity of citizenship will result in a remand of the action to the Court from which it was removed.

---

[1] See, e.g. Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012)("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members. . . . Defendant Aladdin has one member: ACH. ACH, in turn, has ten members: four United States citizens who are domiciled in states of the United States and are thus citizens of those states. . . four companies with domestic places of incorporation and principal places of business; one limited partnership with its principal place of business and all three of its U.S.-citizen partners domiciled in Connecticut; and a company incorporated in Delaware with its principal place of business in Tokyo, Japan.") Ascertaining whether diversity jurisdiction exists may be a tedious task but it does not make it dispensable.

SO ORDERED.

*P. Kevin Castel*
United States District Judge

Dated: New York, New York
      March 12, 2025