UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE BOARD OF MANAGERS OF THE 17
BATTERY PLACE CONDOMINIUM,
BATTERY COMMERCIAL ASSOCIATES
LLC, COLUMBUS PROPERTY
MANAGEMENT LLC,

                              Plaintiffs,

                                                                                  24-cv-9972 (PKC)

                 -against-                                            ORDER

TWIN CITY FIRE INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs, who commenced this now removed action in state court, have expressed their frustration over the discovery needed to determine whether there is subject matter jurisdiction by reason of diversity of citizenship.  The frustration is traceable to the lawful decision to hold ownership of a unit of a condominium in the name of an LLC.  Three of the named plaintiffs are LLCs, one of which also is a unit owner.  (ECF 14-1.)  Four other LLCs own units in the plaintiff condominium.  (Id.)  The legal principles utilized in determining whether there is diversity of citizenship in an action in which an LLC or partnership is a party are well known.  (Order of March 13, 2025; ECF 12.)  But in some circumstances the principles may be tedious to apply.

For example, Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019) was an action removed from state to federal court. Plaintiff was an LLC, and one of the members of the LLC was a limited partnership that had "around 220 limited partners." The plaintiff was unable to determine that no partner had the same citizenship as the defendant. Id. With an understanding of the difficulty of the task presented to the plaintiff, the district court ended the jurisdictional inquiry stating "I'm not inclined to order [further jurisdictional discovery]. At this point I don't have a good faith basis to believe that there is not complete diversity." Id. at 616. The Court of Appeals disagreed, concluding that the district court erred in proceeding to the merits. Id. at 618. The Court of Appeals' cautionary words apply to this case:

> It bears noting that scrupulous enforcement of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction. 'LLCs have become the dominant vehicle for doing business in the United States,' and LLCs with many members may share the citizenship of their adversaries in litigation, meaning that they cannot proceed in federal court under Section 1332. . . . Nonetheless, even when the citizenship of an LLC or LP is in question, a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction.

Id. at 619.

Instead of continuing with jurisdictional discovery, plaintiffs propose joinder of Sonder USA, Inc. ("Sonder"), which they assert will destroy diversity jurisdiction. The nature of the underlying action giving rise to this insurance coverage dispute was a fall from a ladder in the lobby of a building leased by Sonder from Safon Owner, LLC. Plaintiffs allege in this action that they are additional insureds under Sonder's policy with defendant Twin City. Plaintiffs assert that because the Twin City policy has a self-insured retention of $500,000 that plaintiffs

should now join Sonder.  But, prior to bringing this suit, plaintiffs brought a claim for contractual indemnity against Sonder in the underlying suit and that claim remains pending.  (ECF 14 at 2.)  The Court will not allow joinder of a non-diverse party on a claim that is duplicative of one already asserted in state court merely for the purpose of destroying diversity jurisdiction.[1]  Plaintiffs present no plausible theory of how the contract of insurance between Sonder and Twin City imposes additional duties on Sonder to plaintiffs.  The existence of a self-insured retention by a policyholder does not make the policyholder a de facto insurer.[2]  Plaintiffs have not shown their quick fix to be viable.[3]

The Court posed one plausible alternative that avoids the necessity of plowing the depths of the various LLCs: "file a stipulation of dismissal without prejudice that provides for the tolling of the statute of limitations in the event that the self-insured retention is exceeded." (ECF 10.)  There may be others that the parties are free to explore.

This Court set a 45-period (ending on April 28, 2025) for jurisdictional discovery.  The application of plaintiffs to be relieved of their discovery obligations or, alternatively, to remand the action to state court is DENIED.

Counsel for plaintiffs and Twin City shall promptly meet and confer in good faith on a means to streamline the discovery needed for Twin City to amend its removal petition.  See Rule 26(c)(1), Fed. R. Civ. P.

---

[1] Section 1447(e) of title 28 provides that "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[2] See North American Elite Co. v Menard, Inc., 43 F.4th 691 (7th Cir. 2022) (Under Illinois law, policyholder with self-insured retention was not an insurer and owed no contractual duty to anyone other than to its own insurer).

[3] Sonder is a citizen of Delaware and California.  (ECF 14-1.)  While certain of the plaintiff LLCs were formed under Delaware law that does not make the LLC a Delaware citizen for jurisdictional purposes.  Plaintiffs have not demonstrated that joinder of Sonder destroys diversity of citizenship.

- 4 -

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 9, 2025